UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DUSTIN DON BADGER, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | 1:18-cv-00227-NT |
| v. | ) | |
| | ) | |
| KATAHDIN VALLEY HEALTH CENTER, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Dustin Don Badger, an inmate in the Aroostook County Jail, alleges that Defendant Katahdin Valley Health Center denied him appropriate medical care.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.[1] *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

---

[1] Although Katahdin Valley Health Center is a private entity, in its alleged role as the provider of medical services to prisoners at the Aroostook County Jail, the Center qualifies as a "state actor" for purposes of the federal civil rights statute, 42 U.S.C. § 1983. *Cady v. Cumberland County Jail*, No. 2:10-cv-00512-NT, 2013 WL 3967486, at *24 n.21 (citing cases).

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, a plaintiff must allege more than simply that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

Plaintiff alleges that Defendant Katahdin Valley Health Center is the "doctor at Aroostook County Jail." (Complaint at 2, ECF No. 1.) Plaintiff further alleges:

> I have recently been taken off my psychiatric medications that I am on for my psychological and mental problems. The facility has clear records that I have mental and psychological issues[.] I was on Haldol Seriaval [sic] and Wel[l]butrin[.] [T]hey have the records and took me off for no apparent reason.

(*Id.* at 3.) Based on his allegations, Plaintiff requests the following relief: "I would either like my medication reissued or them sued for negligence, mental anguish, cruel and unusual punishment etc." (*Id.*)

3

## DISCUSSION

### A. Plaintiff's Federal Claim

Plaintiff has arguably asserted a claim of "cruel and unusual punishment" against an entity identified as the "doctor" at the Aroostook County Jail. Viewing the allegations most favorably to Plaintiff, Plaintiff has alleged that Defendant is the contract provider of medical services at the Jail, and that Defendant is, therefore, an entity that acts under color of state law as to Plaintiff's care and thus is a proper defendant under section 1983. *Wall v. Dion*, 257 F. Supp. 2d 316, 319 (D. Me. 2003). Additionally, Plaintiff's claim of cruel and unusual punishment implicates the Eighth Amendment of the United States Constitution and, therefore, is a claim within this Court's federal question jurisdiction.[2]

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "From this brief amendment, courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).[3]

---

[2] Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal civil rights statute, 42 U.S.C. § 1983, provides a civil action to persons who are subjected to a deprivation of any rights, privileges, or immunities protected under the federal Constitution, by a person acting under color of state law.

[3] As stated in *Estelle*:

To succeed on an Eighth Amendment claim based on inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011). The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir.

---

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the [Eighth] Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

429 U.S. at 103 – 104 (internal quotation marks and citation omitted).

1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Deliberate indifference must be distinguished from negligence. As the First Circuit explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

In his complaint, Plaintiff asserts that he was "taken off" the medications he evidently had been taking for "mental and psychological issues." (Complaint at 3.) Plaintiff, however, has not alleged any facts that would support a finding that the decision to cease or change Plaintiff's medications constitutes deliberate indifference. At most, Plaintiff has described a disagreement with Defendant regarding his medications. A mere disagreement between an inmate and a facility's medical provider is insufficient to sustain a deliberate indifference claim.

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines*, 404 U.S. at 520, that does not mean that a

pro se plaintiff is "not required to plead basic facts sufficient to state a claim." *Ferranti*, 618 F.2d at 890. To state a claim, Plaintiff must allege facts that demonstrate there is a substantial risk of serious harm to his health, and that Defendant's conduct can be regarded as deliberately indifferent to his needs, i.e., that Defendant knew of the existence of a substantial risk of serious harm to Plaintiff's health but failed to take appropriate action to address the risk.[4] In the case, Plaintiff has failed to allege sufficient facts to state an actionable deliberate indifference claim. Plaintiff thus has failed to state an actionable federal claim.

### B. Plaintiff's State Claim

Plaintiff also seeks to assert a claim for negligence and "mental anguish." (Complaint at 3.) Pursuant to section 1332, federal district courts have original jurisdiction over state law claims "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). For Plaintiff's claim to be within this Court's diversity jurisdiction, Plaintiff and Defendant must have been citizens of different states on the date the complaint was filed. Plaintiff has not alleged that he and Defendant are citizens of different states or any other facts which would suggest the Court's diversity jurisdiction is implicated. Accordingly, in the absence of sufficient

---

[4] Defendant Katahdin Valley Health Center is an entity, and as such Defendant can only act through its agents and employees. Typically, a plaintiff alleging deliberate indifference to serious medical needs will name the individual care providers responsible for the allegedly deficient care, and state facts that demonstrate the providers knew of a serious risk of harm to health and yet failed to take appropriate action. Under certain circumstances, an entity such as Katahdin Valley Health Center is also a proper defendant base on constitutional deprivations caused by their agents or employees. *Wall*, 257 F. Supp. 2d at 319 – 20. Generally, an entity is liable for a deprivation caused by its agents or employees if the deprivation is the product of an entity custom, policy, or practice; or where the person who imposed the deprivation was someone with final policymaking authority. *Rosaura Bldg. Corp. v. Mun. of Mayaguez*, 778 F.3d 55, 62 (1st Cir. 2015); *Walden v. City of Providence, R.I.*, 596 F.3d 38, 55 (1st Cir. 2010).

allegations to state a federal claim,[5] based on the current pleadings, this Court does not have jurisdiction over Plaintiff's state law claim.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of August, 2018.

---

[5] If Plaintiff stated a federal claim, the Court would have jurisdiction to consider his state law claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy as the federal claim. However, Plaintiff's state law claim may not be actionable at this time, for other reasons. Under Maine law, to proceed on a medical negligence case, Plaintiff must first complete the prelitigation screening process mandated by the Maine Health Security Act. 24 M.R.S. §§ 2853 et seq. *See Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 381 (D. Me. 2011). Plaintiff has alleged no facts to suggest, and the record does not otherwise reflect, that Plaintiff has satisfied the prerequisites to a state law medical malpractice action.